CASANOVAS ET AL., PLAINTIFFS AND APPELLEES, *v.* MUNICIPALITY OF MAYAGÜEZ ET AL., DEFENDANTS AND APELLANTS.

APPEAL from the District Court of Mayagüez in Certiorari Proceedings.

No. 2775.—Decided December 15, 1922.

CERTIORARI—MUNICIPAL OFFICERS.—In accordance with section 65 of the Municipal Law of 1919, the remedy of certiorari comprehends a review of the legislative or administrative acts of municipal officers or bodies and is not restricted to a review of judicial or quasi-judicial acts as under the general rule laid down by the American decisions.

GRANTS BY MUNICIPALITIES.—The caducity of a conditional grant of a lot by a municipality is governed by the law in force when the action for caducity is brought.

ID.—UNCONSTITUTIONAL ORDINANCE.—Ordinances which restrict uses inherent to the ownership of property without establishing a perfectly defined rule and leaving the restriction to the arbitrament of the municipal authorities are unconstitutional, inasmuch as they may give place to privileges or the exercise of powers by such authorities contrary to the Constitution.

The facts are stated in the opinion.
*Mr. A. A. Vázquez* for the appellants.
*Mr. A. Arnaldo* for the appellees.

Mr. Justice Franco Soto delivered the opinion of the court.

On September 14, 1921, the Municipal Assembly of Mayagüez passed an ordinance declaring the extinguishment of the concessions made to the minors Antonio, Ramón, Pedro, Jaime and José María Vicens y Casanovas for building on two lots of the public lands of the city of Mayagüez.

The ordinance reads as follows:

"Whereas, according to sections 189 and 191 of the first municipal ordinances for the city of Mayagüez adopted in the year 1890, when the building or buildings erected on the public lands were destroyed the superficiary concessions which had been made to the concessionaries became extinguished.;

"Whereas, the ordinance adopted by the Municipal Council of Mayagüez, P. R., in the year 1908 allowed the concessionary a period of six months within which to rebuild the edifice constructed on a public lot, the holder to lose all right in case of his failure to rebuild within the time allowed;

"Whereas, the building known as La Mallorquina belonging to the heirs of Antonio Vicens y Magraner and erected on two lots of the public lands was destroyed by fire on September 16, 1920, and the concessionaries have allowed more than six months to pass without having reconstructed the building, or asked for an extension of time therefor, or submitted any plan or estimate, leaving the said lots entirely abandoned contrary to the interests of the municipality and to public embellishment;

"Whereas, the Municipal Law of 1912, as amended by the Act of 1920, is not applicable to this case, because these concessions were made prior to the said dates;

"Whereas, the municipality of Mayagüez, P. R., being willing to give the present concessionaries, the heirs of Vicens, opportunity to be heard, notified them of the institution of proceedings to establish the lapse of their concession and at their instance set a day for a public hearing on the said proceedings;

"Whereas, at the session held by the Municipal Assembly of Mayagüez, P. R., on the night of September 13, 1921, the public hearing was held and the concessionaries appeared by attorney Alfredo Arnaldo y Sevilla, whose argument was circumscribed to main-

taining the right of the concessionaries to continue in the use and occupancy of the said lots;

"Therefore, be it resolved by the Municipal Assembly of Mayagüez, P. R.

"Section 1.—To declare, as it does hereby declare, extinguished the concession in favor of the Vicens minors of the lots hereafter described: (Description.)

"Section 2.—To demand, as it does hereby demand, that the Registrar of Property of Mayagüez, P. R., cancel the record of the lots to which reference has been made in section 1 of this resolution, leaving the same at the free disposal of the Municipality of Mayagüez, P. R.

"Section 3.—This resolution shall take effect immediately because of the existence of extraordinary circumstances, and it shall repeal all other municipal resolutions that may be in conflict with it.

"Section 4.—The Secretary shall give notice of this resolution to the heirs of Antonio Vicens y Magraner and issue a certified copy of it to the registrar of property for the cancelation of the record as provided herein, which appears in the names of the heirs of Antonio Vicens y Magraner, his children Antonio, Ramón, Pedro Jaime and José María Vicens y Casanovas."

Before the said ordinance was adopted the council of administration had declared the extinguishment of the concessions in favor of the said minors, but later it set aside its resolution because it was not in conformity with the, provisions of section 54 of the Municipal Law as amended by the Act of May 12, 1920. The case was then referred to the municipal assembly which disposed of it by means of the ordinance quoted.

Feeling aggrieved by the said ordinance, the concessionaries filed a petition for a writ of certiorari in the District Court of Mayagüez, which, after issuing the writ and hearing the parties, made an order declaring the ordinance of the municipal assembly of September 14, 1921, null and void and directing that another ordinance be adopted requiring the petitioners to erect a new building within a reasonable time on the lots referred to and admonishing them that in case of

their failure to do so within the time allowed therefor their concessions would be declared extinguished.

From that order the present appeal was taken.

The appellants assign in their brief the following errors:

"I. The court erred in overruling the demurrer of misjoinder of parties defendants.

"II. The court erred in overruling the demurrer that the petition does not state facts sufficient to constitute a cause of action or for the issuance of a writ of certiorari.

"III. The court erred in overruling the demurrer that the action, in so far as the municipal assembly is concerned, is barred by limitation.

"IV. The court erred in granting the writ of certiorari and holding that the case came within the provisions of section 54 of the Municipal Law.

"V. The court erred in overruling the motion for reconsideration made by the defendants.

"VI. The court erred in overruling the motion for the annulment of all of the proceedings."

We shall examine the errors assigned in the order of their importance.

Those under numbers II and IV relate to the same question, inasmuch as they tend to show the inapplicability of section 54 of the Act establishing a system of local government and reorganizing municipal services, as amended by Act No. 9 of May 12, 1920.

In discussing these assignments the appellants contend that certiorari does not lie in this case because before the municipal assembly adopted the ordinance sought to be annulled the plaintiffs were summoned and heard by the said assembly which decided the case in accordance with the facts and the evidence. But whatever may have been the manner in which the municipal assembly acted in adopting the ordinance, the case would come within section 65 of the Municipal Law of 1919 which gives the remedy of certiorari to review any legislative or administrative act of the municipal

assembly which infringes the constitutional rights of the petitioner or which is contrary to the Organic Act or the laws of Porto Rico.

The language of that statute shows that it was the intention of the Legislature to extend the scope of the remedy by certiorari in municipal matters, without restricting it to the invariable rule laid down by the American decisions generally that this extraordinary remedy is limited to a review of judicial or quasi-judicial acts of municipal corporations.

It results that the question now before this court is whether or not the municipal assembly acted in violation of the provisions of section 54 of the Municipal Law in force, as amended on May 12, 1920, with regard to the lapse of concessions of the public lands of the city of Mayagüez, in case the said law is applicable.

It is alleged in the petition that the lots described in the municipal ordinance form a part of the land ceded on August 20, 1760, by Juan de Aponte and Juan de Silva to be used as public lands and for building the town of Mayagüez, and that the grant of these lands was made to Mayagüez without any condition or limitation; that the lot situated at the corner of Once de Agosto Street and Federico Degetau Street was granted to José Prats on July 21, 1866, without any limitation or condition; that the conditions under which the lot situated at the corner of Santiago R. Palmer Street and Federico Degetau Street was granted do not appear, but it is shown from a certificate of the record of the testamentary proceedings of Ramón Bello that the ownership of the said lot was recorded; that by successive transfers the buildings standing on the said lots came into the possession of the petitioners and were destroyed by fire on September 16, 1920; that the municipal assembly of Mayagüez has made no demand upon the Vicens y Casanovas minors, or upon any person lawfully representing them, as concessionaries of the lots, to

rebuild the houses destroyed on the property, nor has allowed them a period of time within which to rebuild the said houses; that the ordinance adopted by the municipal assembly declaring the lapse of the concessions held by the Vicens y Casanovas minors and of their right to erect buildings on the two lots to which it refers is based on the ordinances of Mayagüez of 1890 and 1908; but inasmuch as the lots were granted for building long before 1890 and the houses which stood thereon were erected before that date, and the said houses were destroyed by fire on September 16, 1920, the ordinances of 1890 and 1908 do not apply and the law applicable is the Municipal Law of 1920.

The legal grounds set forth in the ordinance to support it are based on the first municipal ordinances adopted for the city of Mayagüez on February 27, 1890, and on February 28, 1908, by the municipal council of the said city.

Sections 189 and 191 of the ordinances of 1890 read as follows:

"Section 189.—The municipality may grant the use of their superficial areas (referring to lots pertaining to the public lands) with or without consideration, according to the circumstances."

"Section 191.—The right to the use of these lots shall cease and become extinguished by the destruction of the whole or four-fifths of the building."

Section 2 of the ordinance approved in 1908 reads as follows:

"Section 2.—The owners of lots pertaining to the public lands shall build within six months after the destruction or demolition of the buildings standing thereon, all rights of the grantee to be forfeited in case of his failure to do so within the said time."

On March 7, 1912, a law was enacted authorizing municipalities to grant the use of lots; providing for the construction of buildings thereon, and for other purposes. Section 6 of that Act reads as follows:

"Section 6.—Nothing in this Act shall be construed to include

the concessions of lands which have been heretofore donated to municipalities under conditions specifically providing the use to be made of such lands, in which cases the conditions imposed by the donor shall be strictly complied with as well as any conditions imposed by the municipalities; *Provided, however,* That the concession of the use of such lands situated within the urban zone of a municipality, as may heretofore have been or may hereafter be donated to said municipality without any condition specifically attached to the donation, shall be hereafter governed by the provisions of this Act."

As the concession of the lots referred to in the ordinance of September 14, 1921, was originally made without any condition attaching thereto, it is clear that by virtue of the provision of the section of the act cited the first ordinances of the city of Mayagüez of 1890 and 1908, cited as applicable by the municipal assembly, were repealed for the reason that all concessions made prior to the passage of the Act of March 7, 1912, or at least in so far as this case is concerned, without the imposition of any condition, became subject by the proviso of the said act to the provisions and regulations prescribed for rebuilding in sections 1 and 2 of the same act.

Then came the act establishing a system of local government, which was approved on July 31, 1919. By subdivision 2 of section 71 of this Act that of March 7, 1912, was left in force, except that the powers and duties of the municipal council became vested in the municipal assembly. The Act establishing a system of local government of July 31, 1919, was amended on May 12, 1920, and section 54 of the former, as amended, reads as follows:

"Section 54.—That on petition the municipal assembly may grant lots in perpetuity for the construction of houses thereon, under such conditions as the assembly may determine by ordinance approved for the purpose; and where a lot has been granted as aforesaid, the owner of the house constructed thereon shall have the use of said lot during such time as he maintains on said lot a building in good condition, in accordance with regulations prescribed by said ordinance.

"The municipal assembly shall specify in such concessions as they may make, the respective rights of the grantor and grantee, or their successors, as to the ownership of the buildings, the reconstruction thereof in cases where they are destroyed or deteriorated and everything not in conflict with the provisions of this Act.

"The concession shall necessarily be made by an ordinance or resolution adopted by the majority of the total number of members of the assembly; *Provided,* That no petition shall be taken into consideration if the petitioner does not attach thereto the plans and estimates for the building to be constructed on the lot applied for, so that the assembly may be cognizant of the work in granting the concession.

"Failure on the part of the grantee to comply with the conditions imposed by the resolution of the municipal assembly, relative to each concession, shall be considered as sufficient for the revocation of said concession by the municipality, if the grantee, on request of the interested municipal assembly, does not proceed to remedy the omission or infraction within such reasonable time as he may be granted by it for the purpose.

"When the municipal assembly believes that it must consider the question of the forfeiture of one of these concessions, the grantee shall be summoned, at least one month in advance, so that he may appear before the assembly in defense of his rights, at a meeting to be held for the purpose. Upon hearing the interested party, the assembly shall decide pursuant to law and in accordance with the facts of the evidence; and the resolution adopted shall be final, provided the grantee does not appear within the period of thirty days after he has been notified of the decision, filing the proper action before the district court of the district to which the municipality belongs; and after the case has again been heard in said court, its decision shall be final.

❊        ❊        ❊        ❊        ❊        ❊        ❊

"Nothing herein contained shall be construed to include grants of lands which have been donated to municipalities under conditions specifically providing the use to be made thereof, in which cases the conditions imposed by the donor as well as any conditions imposed by the municipality shall be strictly complied with; *Provided, however,* That the concession of the use of lands situate in the urban zone of a municipality, which shall have been previously donated or which may hereafter be donated to a municipality, without prescribing any specific condition relative to the donation, shall here-

after be governed by the provisions of the law in force at the time of the grant."

From a comparative study of said section 54 and Act No. 40 of March 7, 1912, to which reference was previously made, it may be observed that section 54 as amended follows almost literally the language of the Act of 1912 and that the essential variance between them is to be found in the proviso contained in each; that of the Act of 1912 providing that the concession of the use of such lands as may heretofore have been or may hereafter be donated to a municipality without any condition specifically attached to the donation shall be governed by the provisions of the said Act, while by the amendatory Act of 1920 the law that must govern such cases shall be that in force at the time of the concession.

It being admitted that the donation of the land to the municipality of Mayagüez from which the petitioners derive their right was made without the imposition of any specific condition upon the donation, and no allegation being made by the municipal assembly that at the time of the donation there was an ordinance governing the erection of buildings on lots of the public lands of the city, or their reconstruction in case of destruction, it is clear that the law which should be applied as regulating the matter is the Act of May 12, 1920, which amended section 54 of the Act of 1919. It follows that as the buildings of the petitioners were destroyed by fire on September 16, 1920, we have before us a case of reconstruction to which we must apply the rules prescribed by section 54 as amended, among which one is that a reasonable time shall be granted within which to rebuild in accordance with plans to be submitted. Of course this does not mean a new concession and it should be considered that the concession is a vested right to the use of the lots, and for that reason it would be indispensable that the municipal assembly should require the petitioners to rebuild on the lots within a fixed and reasonable time, admonishing them that in case of their

failure to do so the concession would be declared extinguished as provided in said section 54.

In the light of what has just been stated the ordinance of the Municipal Assembly of Mayagüez not only does not comply with section 54 of the Act of 1920, which it declares to be inapplicable, but relies on the applicability of ordinances which, besides not being in force, are not based on general and uniform rules, and the restriction would depend rather upon the arbitrament of the municipal authorities than upon their discretion as the result of compliance with rules which, like those established by section 54, secure the respective rights both of the grantor and the grantee.

"It is clear that if an ordinance is passed by a municipal corporation which upon its face restricts the right of dominion which the individual might otherwise exercise without question, not according to any general or uniform rule, but so as to make the absolute enjoyment of his own depend upon the arbitrary will of the governing authorities of the town or city, it is unconstitutional and void, because it fails to furnish a uniform rule of action and leaves the right of property subject to the despotic will of the municipal officers, who may exercise it in accordance with some principle which it would not be within the constitutional power of the statute to sanction or even so as to give exclusive profits or privileges to particular persons." 19 R. C. L. 813.

Furthermore, by its terms the ordinance establishes a mere prohibition against the concessionaries to erect new buildings, and the failure to give them an opportunity to do so and the fact that no demand appears to have been made to that effect, render the ordinance void, inasmuch as the proceeding followed for declaring the lapse of the concession was unjust and resorted to *ad libitum* by those who adopted the ordinance.

"It is held, however, by the weight of authority that an ordinance which lays down no requirements to be followed and no general and uniform rule, but merely prohibits the erection of any

building within the corporate limits without a permit, is invalid, since it leaves the granting of a permit in the arbitrary discretion of the municipal authorities which may be exercised upon some unwarranted principle and which is not subject to judicial review since the court can not say whether the plans of the proposed building comply with the municipal requirements or not." 19 R. C. L. 830.

As to the other assignments of error, the reasons given in support of them not being sufficient of themselves and the errors being devoid of importance for the purposes of this appeal, they are not sufficient to justify a reversal of the judgment as prayed for.

For the foregoing reasons the order of the lower court of February 15, 1922, is affirmed in so far as it declared the municipal ordinance of Mayagüez of September 14, 1921, to be null and void. The other pronouncements are reversed.

*Affirmed in part.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.